Dear Mr. Bullers:
This office is in receipt of your request for an opinion of the Attorney General in regard to the South Bossier Volunteer Fire Department. You indicate at this time there are fifty-two volunteers on the Fire Department rolls, and the Board is considering hiring one full-time and possibly one part-time fire fighter/EMT to augment and coordinate the volunteer group. You ask if regularly paid employees are hired, would they fall under Civil Service laws.
Article X, Section 16 of the Louisiana Constitution of 1974 provides as follows:
 A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department. (Emphasis added.)
In Village of Varnado v. Varnado Fire Dept., 563 So.2d 946
(La.App. 1990), the court was presented with the question whether payment of the tax levied on foreign fire insurers should go to the volunteer fire department or the Village. While the court did not discuss what constitutes a "regularly paid fire department", in reciting the facts of the case the court noted that in 1975 the Varnado Volunteer Fire Department was legally incorporated and in it was not until 1986 that the Volunteer Fire Department first paid an employee regularly. In holding that the funds must go to the Volunteer Fire Department, the court also stated the Village never has had a regularly paid fire department.
Following this statement of the court, we do not find paying one full-time fire fighter to augment and coordinate the volunteer group constitutes operating "a regularly paid fire department". We believe the word "department" has to mean the operation as a whole, and two paid employees with fifty-two volunteers is not a regularly paid fire department.
We recognize that R.S. 33:2535 provides for the creation in the government of a municipality, parish, and in each fire protection district a classified civil service embracing the positions of employment of the fire services. R.S. 33:2541
states the classified service shall comprise every position to which the right of employee selection is vested in the government of the fire protection district, and R.S. 33:2533
defines "department service" as employment in the public service offered and performed by the fire department.
Reading the statutory provisions alone it would appear employment in any fire district would fall into civil service. However, we believe these statutory provisions have to be read in the light of the constitutional mandate for civil service for regularly paid fire departments. Herein we are dealing with employment by the Board of the South Bossier Volunteer Fire Department (Fire District 2), and not a regularly paid fire service. The constitutional provision is relative to civil service for regularly paid fire departments, and the wording of the constitution cannot be ignored. Therefore, we would conclude employment by the government of the fire protection district means, employment in regularly paid fire departments. To conclude to the contrary would mean a civil service system would have to be implemented for only one paid employee.
We find nothing that defines what a "regularly paid fire department" is, and recognize a question can arise as to how many paid employees would be required to remove a group from the category of a volunteer department to that of a regularly paid department so as to fall within the requirements of civil service. We do note in R.S. 40:1567 in regard to fees for fire reports, it provides the term volunteer fire department means a legally constituted fire department or fire protection district of fewer than four persons who are qualified for and receive state supplemental pay under R.S. 33:2001, et seq.
We do not believe it was the intent of the legislature in establishment of fire civil service as directed by the constitution that it extend to a volunteer fire organization with one paid employee.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR